STEVEN B. KILLPACK, Federal Defender (#1808)
ROBERT L. STEELE, Assistant Federal Defender (#5546)
**UTAH FEDERAL DEFENDER OFFICE**
Attorney for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah   84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

_____

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. PAMELA ACKERMAN, Defendant. | DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT <br><br> Case No.  2:06CR240 DB <br><br> Honorable Dee Benson |
|---|---|

Defendant, Pamela Ackerman, by and through her counsel of record, Robert L. Steele, pursuant to DUCrimR 32-1(b) of the Criminal Rules of Practice of the United States District Court for the District of Utah, after reviewing the Presentence Report prepared by the United States Probation Office, hereby submits the following with respect to the Presentence Report:

### CORRECTIONS

1.        **Paragraph 6, on page 2**: The conditions of family contact were reiterated, not modified, at the time of plea.  She was allowed family contact from the time of release but was not allowed to talk to any of them about the case.

2.      **Paragraph 12, on page 5**: Ms. Ackerman would indicate that Dustin Preece insisted on receiving all of the sales and deposit information from all of the stores himself. He received nightly calls from each store. This was not her duty within the organization, and she disagrees with his information.

3.      **Paragraph 16, on page 6**:

(A&B)  See additions requested to paragraphs 8 through 10 below.

(E)  Ms. Ackerman left the "Affidavit of truth" at her parents' house in an envelope to be mailed. Her father was to get it to a gentleman that was giving her legal advice. This is what she told the grand jury.

4.      **Paragraph 17, on page 7**:

(A&B)  See additions requested to paragraphs 8 through 10 below.

5.      **Paragraph 18, on page 8**:

(I) Ms. Ackerman's memory of her testimony is that she denied forging Mr. Lee's name on anything.

6.      **Paragraph 22, on pages 9-10**: She does not question her honesty and integrity, but rather her choices for the source of her understanding. Her strength and source of knowledge now rests upon her Heavenly Father and her husband.

## OBJECTIONS

1.      **Paragraph 25, on page 10**: Defendant objects to the imposition of the specific offense characteristic under U.S.S.G. 2J1.3(b)(2) and the associated three level increase in offense level. U.S.S.G. 2J1.3(b)(2) states in part that:

> If the perjury . . . resulted in substantial interference with the administration of justice, increase by 3 levels.

*Application Note 1* states that:

> "Substantial interference with the administration of justice" includes a premature or improper termination of a felony investigation; an indictment, verdict, or any judicial determination based upon perjury, false testimony or other false evidence; or the unnecessary expenditure of substantial government or court resources.

In the present case the investigation was not prematurely terminated. There has been no indictment, verdict, or other judicial determination based upon the false testimony of Ms. Ackerman. The only possible basis upon which the enhancement can be based is that substantial government resources were expended.

The expenses involved in prosecuting the underlying perjury offense should not be used as a basis for the three level increase. *United States v. Sinclair*, 109 F.3d 1527, 1539 (10th Cir. 1997). "Otherwise, every perjury conviction would carry this enhancement." *United States v. Norris*, 217 F.3d 262, 273 (5th Cir. 2000). It does not apply, if the government already had the information that was concealed by the perjury. *United States v. Jones*, 900 F.2d 512, 522 (2d Cir. 1990). For the most part the government knew as the defendant said them that the statements involved were lies, because they already had the information from other sources.

There is nothing this case that involves an unusual interference with the administration of justice beyond that involved in any perjury case. The enhancement should not apply.

2. **Paragraphs 29 to 31, on page 10**: Should the above objection be granted, these paragraphs need to be amended in the following fashion. Paragraph 29 should reflect an

adjusted offense level of 14.  Paragraph 30 should reflect a reduction of two levels for acceptance of responsibility.  Paragraph 31 should reflect a total offense level of 12.

3.      **Paragraph 51, on page 16**: Should the above amendments be made, this paragraph should be amended to reflect a guideline range of imprisonment in Zone C from 10 to 16 months.

## REQUESTED ADDITIONS

1.      **Paragraph 7, on pages 2-3**:

(A)  Ms. Ackerman told the agents that she helped with payroll, which surely has something to do with the financial information of the corporation, but that she did not remember a lot of information because of the passage of time since her employment with Rocky Mountain Pizza.

(B)  Ms. Ackerman told the agents that she did not know who, if anyone, at that time owned Rocky Mountain Pizza.  She did tell them that her father was one of the owners of the old Rocky Mountain Pizza.

2.      **Paragraphs 8-10, on pages 3-4**: Ms. Ackerman has no knowledge about the conversations or interactions between Dale Lee and her father or Jennie Van Ormond and her father concerning the vehicles.  The Camry and the Chevy truck were part of her compensation from her work at Rocky Mountain Pizza.  Her father promised her that if the business folded, he would sell her the two vehicles for the price of the wages that he still owed her.  Her parents are still the primary drivers of the vehicles, but she is the current owner.

3.  **Paragraph 17, on page 7**:

(D) Ms. Ackerman remembers opening accounts for Rocky Mountain Pizza, but she does not remember what all of their purposes were.

4.  **Paragraph 18, on page 7**: Ms Ackerman was under stress and used note taking to calm her nerves and try to give accurate answers. She was fearful after the first time at the grand jury, when she felt that she could not make the statement that she wanted to make.

5.  **Paragraph 47, on pages 13-16**: Ms. Ackerman and her husband just completed a refinance of their home. Because of her credit score her name is not now on the home. Its current market value is $310,000 and the loan balance is $225,000. They have no unsecured debt. The mortgage payment is just short of $2300. Their monthly expenses are now $5200.

6.  **Paragraph 48, on page 16**: The mortgage is now current. Jennie Van Orman now owns the Voyager.

DATED this 13th day of August, 2007.

/s/ Robert L. Steele
ROBERT L. STEELE
Assistant Utah Federal Defender

**CERTIFICATE OF DELIVERY**

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT** was filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the parties listed below on this 13th day of August, 2007.

D. Loren Washburn
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah 84111

Lorrie A. Ryther
United States Probation Officer
Garff Building
405 South Main Street, Suite 200
Salt Lake City, UT 84111-3407

/s/ V. Williams
Utah Federal Defender Office